IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KELLEY HOWE,

    Plaintiff,　　　　　　　　　　　　　　　　　　　ORDER

v.　　　　　　　　　　　　　　　　　　　　　　　　　　11-cv-553-slc

MIDDLETON VILLAGE NURSING AND
REHABILITATION CENTER, BILL WATSON,
JOE STANGFELD and ASHLEY O. STROWSKI,

    Defendants.

---

    This is a proposed civil action for monetary relief in which plaintiff Kelley Howe contends that defendants failed to provide adequate medical care to his now deceased mother, denied plaintiff's request for use of a telephone at the Middleton Village Nursing and Rehabilitation Center and denied plaintiff's request for his mother's clinic records. Plaintiff has asked for leave to proceed *in forma pauperis* and has supported his request with an affidavit of indigency. The factors for determining whether plaintiff qualifies for indigent status are:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.
- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.
- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.
- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.
- Substantial assets or debts require individual consideration.

    Plaintiff's monthly income is $1,928, which makes his annual income $23,136. In addition, plaintiff has approximately $10,000 in a checking or savings account. I find this to be a substantial asset that can be used to pay the costs of filing this lawsuit. Therefore, if plaintiff wishes to proceed with this action, he will have to pay the $350 filing fee in full.

ORDER

IT IS ORDERED that plaintiff Kelley Howe's request for leave to proceed *in forma pauperis* in this action is DENIED because plaintiff does not qualify for indigent status.

Further, IT IS ORDERED that plaintiff may have until August 26, 2011, in which to pay the $350 fee for filing his lawsuit. If, by August 26, 2011, plaintiff fails to pay the fee, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 5th day of August, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge